UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SYDELL DUBLIN et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-1659 (CEJ) |
| ) | |
| MONSANTO CO., SOLUTIA, INC., ) | |
| PHARMACIA CORP., and PFIZER, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to remand the action to the Twenty-First Judicial Circuit (St. Louis County) from which it was removed. Defendants have filed a response in opposition to the motion and the issues are fully briefed.

Plaintiffs are 14 residents of seven states who allege that they developed Non-Hodgkins lymphoma after being exposed to polychlorinated biphenyls (PCBs). The original Monsanto Chemical Company ("Old Monsanto") manufactured PCBs between 1935 and 1977. Defendants Monsanto Co. ("New Monsanto"), Solutia, Inc., Pharmacia Corp., and Pfizer, Inc., subsequently acquired portions of Old Monsanto. Plaintiffs in this action assert claims for strict liability and negligence. Defendants removed the case to federal court, pursuant to 28 U.S.C. § 1446, alleging that the case is "part of a 'mass action'" under the Class Action Fairness Act of 2005 (CAFA).

**I.      Procedural Background**

This action is one of eleven lawsuits brought by individuals who claim that they developed Non-Hodgkins lymphoma as a result of exposure to PCBs. The eleven cases were filed in Los Angeles County, California, St. Louis County, Missouri, and St. Louis City, Missouri. Plaintiffs in all eleven cases are represented by the same counsel and

bring substantially similar claims of negligence and design defect against the same defendants. Defendants removed to this Court four of the six cases filed in St. Louis County and all three of the cases filed in St. Louis City.[1] In the notices of removal, the defendants contend that the cases are removable as a mass action under CAFA because "[t]here is no colorable basis for [plaintiffs'] decision to file separate . . . cases other than a desire to remain below the 100-plaintiff threshold."

II. **Discussion**

As the parties invoking federal court jurisdiction, defendants have the burden of establishing that all prerequisites to jurisdiction have been satisfied. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993); Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). See also Westerfeld v. Independent Processing, LLC, 621 F.3d 819, 822 (8th Cir. 2010) ("Although CAFA expanded federal jurisdiction over class actions, it did not alter the general rule that the party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction.")

Under CAFA, federal courts have jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 in the aggregate; there is minimal diversity among the parties; and there are at least 100 members in the class. 28 U.S.C. § 1332(d). CAFA also provides federal jurisdiction over a "mass action," which is defined

---

[1] Walker et al. v. Monsanto Co. et al., 4:11CV1654 (CEJ) (96 plaintiffs residing in 18 states); Stapleton et al. v. Monsanto Co. et al., 4:11CV1656 (AGF) (95 plaintiffs residing in 21 states); Nunn et al. v. Monsanto Co. et al., 4:11CV1657 (CEJ) (5 plaintiffs residing in 2 states); Rodriguez et al. v. Monsanto Co. et al., 4:11CV1658 (AGF) (4 plaintiffs residing in California); Dublin et al. v. Monsanto Co. et al., 4:11CV1659 (CEJ) (14 plaintiffs residing in 7 states); Hammonds v. Monsanto Co. et al., 4:11CV1660 (DDN) (1 defendant residing in North Carolina); Hampton et al. v. Monsanto Co. et al., 4:11CV1662 (CEJ) (3 plaintiffs residing in California). Two of the cases filed in St. Louis County and both cases filed in California remain in state court.

as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact . . ." 28 U.S.C. § 1332(d)(11)(B)(i). The statute explicitly excludes from the definition of "mass action" those civil actions in which "the claims are joined upon motion of a defendant" or "the claims have been consolidated or coordinated solely for pretrial proceedings." § 1332(d)(11)(B)(ii) (II) and (IV).

Defendants assert that this 14-plaintiff case satisfies the definition of mass action when combined with the other removed cases. Defendants note that, on September 9, 2011, plaintiffs' counsel filed two separate cases in the St. Louis City Circuit Court, one with 95 plaintiffs and one with 96 plaintiffs. They cite this history as evidence that the plaintiffs' counsel purposefully chose to "splinter" a single case for the purpose of evading federal jurisdiction. Citing <u>Freeman v. Blue Ridge Paper Prods., Inc.</u>, 551 F.3d 405 (6th Cir. 2008), and <u>Westerfeld v. Independent Processing, LLC</u>, 621 F.3d 819 (8th Cir. 2010), defendants argue that this Court is obligated to disregard such manipulations.

At issue in <u>Freeman</u> was CAFA's $5 million jurisdictional threshold. A single class of plaintiffs divided their cause of action into five distinct law suits, each covering a different, sequential, 6-month period, with damages in each suit just under CAFA's $5 million threshold. 551 F.3d at 406. Under this circumstance, the Sixth Circuit held that the damages sought in the separate cases "must be aggregated," thereby satisfying CAFA's jurisdictional requirement. <u>Id.</u> at 407. "The complaints are identical in all respects except for the artificially broken up time periods. Plaintiffs put forth no colorable reason for breaking up the lawsuits in this fashion, other than to avoid federal jurisdiction. In fact, plaintiffs' counsel admitted at oral argument that avoiding CAFA was the only reason for this structuring." Defendants' reliance on <u>Freeman</u> to establish

-3-

jurisdiction in this case is unavailing as it does not address the "mass action" provisions of CAFA that are at issue in this case.

Westerfeld is similarly distinguishable. The case concerned the "local controversy" exception to CAFA's jurisdiction. The plaintiff filed suit in Missouri state court asserting identical state-law class action claims against a California defendant and a Missouri defendant and seeking certification of two separate classes. 621 F.3d at 821. Defendants removed the action to this court pursuant to CAFA. Plaintiff argued that the class allegations against the local defendant precluded federal jurisdiction under the local controversy exception.[2] In determining whether plaintiff sought "significant relief" from the Missouri defendant, the district court analyzed the claims of the two purported classes separately and determined that the class against the Missouri defendant satisfied the local controversy exception to jurisdiction under CAFA. Id. at 824. The Eighth Circuit rejected this approach, determining that whether an in-state defendant is a significant defendant for purposes of the local-controversy exception must be determined by considering the claims of all of the class members in the class action and not by considering the claims of class members on a class-by-class basis. Id. at 824-25 (internal quotation and brackets omitted). Again, Westerfeld does not address the mass action provisions.

---

[2]Under the "local-controversy exception," a district court must decline to exercise jurisdiction over a class action in which more than two-thirds of the class members in the aggregate are citizens of the state in which the action was originally filed, at least one defendant "from whom significant relief is sought by members of the plaintiff class" and "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class" is a citizen of the state in which the class action was originally filed, the principal injuries were incurred in the state in which the action was filed, and no other class action alleging similar facts was filed in the three years prior to the commencement of the current class action. 28 U.S.C. § 1332(d)(4)(A).

This case has 14 plaintiffs. In order for this Court to have jurisdiction under the mass action provisions, defendants must demonstrate that there really are 100 plaintiffs. CAFA is explicit that defendants cannot satisfy this requirement by seeking consolidation themselves. See § 1332(d)(11)(B)(ii)(II) (excluding from the definition of "mass action" claims "joined upon motion of a defendant"). Defendants' contention that plaintiffs have deliberately divided their cases in order to avoid the mass action threshold is irrelevant: "By excluding cases in which the claims were consolidated on a defendant's motion, Congress appears to have contemplated that some cases which could have been brought as a mass action would, because of the way in which the plaintiffs chose to structure their claims, remain outside of CAFA's grant of jurisdiction." Anderson v. Bayer Corp., 610 F.3d 390, 393 (7th Cir. 2010) (discussing difference between CAFA's class action and mass action provisions) . "This is not necessarily anomalous; after all, the general rule in a diversity case is that 'plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum.'" Id. (citing Garbie v. DaimlerChrysler Corp., 211 F.3d 407, 410 (7th Cir.2000)). See also Tanoh v. Dow Chemical Co., 561 F.3d 945 (9th Cir. 2009) (rejecting defendant's argument that seven separate cases could be consolidated under CAFA, stating "Congress appears to have foreseen the situation presented in this case and specifically decided the issue in plaintiffs' favor.")

This case does not satisfy the requirements of a "mass action." Subject matter jurisdiction is lacking and the case must be remanded to the state court from which it was removed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand [Doc. #12] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this matter to the Twenty-First Judicial Circuit of Missouri (St. Louis County) from which it was removed.

                                                        CAROL E. JACKSON  
                                                        UNITED STATES DISTRICT JUDGE

Dated this 7th day of November, 2011.